IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, <br>     Plaintiff <br><br> v. <br><br> CRUZ DRYWAL & PAINTING, INC., GROUND UP, INC. d/b/a CONSTRUCTION/PROJECT MANAGEMENT, and BENAVIDES INDEPDENT SCHOOL DISTRICT <br>     Defendants | § § § § § § § § § § § § | CASE N0. _____ |

## ATAIN SPECIALTY INSURANCE COMPANY'S ORIGINAL COMPLAINT

TO THE COURT:

Atain Specialty Insurance Company ("Atain"), Plaintiff, files this as its Original Complaint Seeking Declaratory and Other Relief. In support of its Original Complaint, Atain would show this Court as follows:

### Parties

1. Atain Specialty Insurance Company is an insurance company organized and doing business under the laws of the State of Michigan. For purposes of diversity jurisdiction, the headquarters and principal place of Atain is located in Michigan. Accordingly, for purposes of diversity jurisdiction, Atain is a citizen of the State of Michigan.

2. Cruz Drywall & Painting, Inc. ("Cruz Drywall") is a corporation organized and doing business under the laws of the state of Texas. Cruz Drywall can be served with process through service upon Jesus R. Cruz., 401

1

West 2nd Street, Alice, Texas 78332, as a registered agent, or any other location where he or any officer can be found. For purposes of diversity jurisdiction, Cruz Drywall is a citizen of the state of Texas. Atain requests that summons be issued so that service can be obtained on this party.

3. Ground Up, Inc. d/b/a Construction/Project Management ("Ground Up") is a corporation organized and doing business under the laws of the State of Texas. Ground Up can be served with process by serving its registered agent, William C. Gavit at 3101 Cabiness Parkway, Corpus Christi, Texas 78415. For purposes of diversity jurisdiction, Ground Up is a citizen of the state of Texas. Atain requests that summons be issued so that service can be obtained on this party.

4. The Benavides Independent School District ("BISD") is a governmental entity of the State of Texas. BISD can be served with process through service on the president of the school board, Enrique Escontrias, Jr., or on the superintendent of the district, Adell Cueva, at 106 W. School Drive, Benavides, Texas 78341. Tex. Civ. Prac. & Rem. Code §17.024(c). For purposes of diversity jurisdiction, BISD is a citizen of the state of Texas. Atain requests that summons be issued so that service can be obtained on this party.

## Jurisdiction and Venue

5. Jurisdiction properly lies in this Court because the Plaintiff has citizenship that is diverse from the citizenship of all of the Defendants, and because the amount in controversy exceeds $75,000, exclusive of fees, and costs. 28 U.S.C. § 1332.

6.     Venue properly lies in this Court because all or part of the incident that gives rise to the Declaratory Judgment Action took place in Duval County, Texas. 28 U.S.C §124(b)(6).

## Background

7.     Atain issued two policies to Cruz Drywall, policy number CIP119460[1] and policy number CIP156305[2] (the "Policies"). The first policy had a policy period from 11/09/11 to 11/09/12, and the second policy had a policy period from 11/09/12 to 11/09/13. The Policies provided coverage, subject to the terms, conditions, exclusions, endorsements, limitations and other language in the Policies.

8.     Based on information and belief, in 2007, BISD entered into a contract with Ground Up regarding various reconstruction and original construction projects at its campuses, including the replacement of buttresses holding up the roof of the Elementary Gymnasium. In addition, BISD determined it needed to make renovations to the Secondary Campus.

9.     BISD felt the work was done improperly, and filed suit against Ground Up and others in that particular lawsuit styled: Cause No. DC-12-348; *Benavides Independent School District v. round Up, Inc. D/B/A Construction/Project Management and South Texas Wood Mill, Inc. D/B/A The Woodmill v. The South Texas Wood Mill, Inc. D/B/A The Woodmill, Cruz Drywall &*

---

[1] See, Policy CIP119460, attached as Exhibit "A".
[2] See, Policy CIP156305, attached as Exhibit "B".

3

*Painting, Inc. et al.*; In the 229th Judicial District Court of Duval County, Texas (the "Underlying Lawsuit").[3]

10. In the Underlying Lawsuit, BISD sued the general contractor, Ground Up, seeking recovery for alleged construction defects. Ground Up then filed a third party petition against its subcontractors, including Cruz Drywall.[4]

11. BISD has been added to this declaratory judgment action as a potentially interested party, but does not have standing to contest any possible duty to defend any party.

12. The Policies generally provided coverage, subject to the terms, conditions, exclusions, endorsements and other language contained in the Policies.

13. In its Third Party Petition, Ground Up seeks relief against Cruz Drywall (and other subcontractors) for claims made against Ground Up by BISD relating to the work done for BISD.

14. In its Third Party Petition, Ground Up essentially states that BISD has alleged that the work done at the schools was defective. Ground Up also admits the work was substantially complete on November 1, 2007.[5]

15. Specifically, in the Third Party Petition, Ground Up alleges that Cruz Drywall was "responsible for the materials and labor relating to painting at the project."[6] Ground Up seeks recovery against Cruz Drywall for contribution,

---

[3] See, Original Petition, attached as Exhibit "C".
[4] *See*, Third Party Petition, attached as Exhibit "D".
[5] See, Exhibit "D", Paragraph 16, page Atain 211.
[6] See, Exhibit D, Paragraph 16.4, page Atain 211.

contractual indemnity, contribution, breach of contract, breach of warranty and negligence.[7]

16. Atain now files this Original Complaint seeking declaratory relief under 28 U.S.C. §§2201 and 2202 in order to have the Court declare whether there is coverage under the Atain Policies, and whether Atain owes a duty to defend or indemnify Cruz Drywall or Ground Up in the Underlying Lawsuit.

17. To the extent necessary, Atain would show that Ground Up does not have standing to argue whether Cruz Drywall is owed a duty to defend under the Atain Policies. Furthermore, to the extent necessary, Atain would show that Cruz Drywall does not have standing to argue whether Ground Up is owed a duty to defend under the Atain Policies.

## The Policy Terms

18. In pertinent part, the Policies issued to Cruz Drywall contained the following language:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

\* \* \*

**SECTION 1 - COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **SECTION I - COVERAGES**

    **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **1.  Insuring Agreement**

---

[7] See, Exhibit "D", pages Atain 212–214.

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

* * *

    **b.**    This insurance applies to "bodily injury" and "property damage" only if:

        (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2)    The "bodily injury" or "property damage" occurs during the policy period...[8]

19.    The Policies also contained exclusions that read as follows:

**2.**    **Exclusions**

This insurance does not apply to:

    **b.**    **Contractual Liability**

    "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

        (1)    That the insured would have in the absence of the contract or agreement; or

        (2)    Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages

---

[8] See, Exhibits "A" and "B", pages Atain 057 and Atain 173, respectively.

because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract", and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged* * *

**j.   Damage to Property**

"Property damage" to:
                     * * *

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k.   Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.   Damage to Your Work**

"Property Damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a sub-contractor.

7

> **m.    Damage to Impaired Property Or Property Not Physically Injured**
>
> "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
>
> > (1)   A defect, deficiency, inadequacy or dangerous condition in "your product" or "'your work"; or
> >
> > (2)   A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
>
> This exclusion does not apply to the loss of use or other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.[9]

20.   The Policies also contained definitions that may apply.

**SECTION V-DEFINITIONS**

\* \* \*

**8.**   "Impaired property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:

> **a.**   It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
>
> **b.**   You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

> **a.**   the repair, replacement, adjustment or removal of "your product "or "your work"; or
>
> **b.**   your fulfilling the terms of the contract or agreement.

\* \* \*

**9.**   "Insured contract" means:

\*\*\*

---

[9] See, Exhibits "A" and "B", pages Atain 058–061 and Atain 174–177, respectively.

8

 **f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

***

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

***

**16.** "Products-completed operations hazard":

 **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

 **(1)** Products that are still in your physical possession; or

 **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

  **(a)** When all of the work called for in your contract has been completed.

  **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

  **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

* * *

**17.** "Property Damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

**21.** "Your product" means:

    **a.** Means:

        **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            **(a)** You;

            **(b)** Others trading under your name; or

            **(c)** A person or organization whose business or assets you have acquired...

* * *

**22.** "Your work":

    **a.** Means:

        **(1)** Work or operations performed by you or on your behalf; and

        **(2)** Materials, parts or equipment furnished in connection with such work or operations.

    **b.** Includes:

        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

      **(2)** The providing of or failure to provide warnings or instructions.[10]

21. Significantly, the Policies also contained an exclusion that removes all of the claims from coverage of the Policies. The Prior Work Exclusion reads as follows:

**THIS ENDORSEMENT CHANGES THE POLICY.**
**PLEASE READ IT CAREFULLY.**

# PRIOR WORK EXCLUSION

=================================================================

This endorsement modifies coverage provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

This policy changes the policy effective on the inception date of the policy unless another date is indicated below.

|  | Inception Date  Expiration Date[11]  11/09/2011        11/09/2012 |
|---|---|
| Endorsement Effective[12] | Policy Number  CIP 119460[13] |
| Named Insured   CRUZ DRYWALL & PAINTING, INC. | |

The following is added to **SECTION I** - **COVERAGES, COVERAGE.**
**BODILY INJURY AND PROPERTY DAMAGE LIABILTY, 2. Exclusions:**

---

[10] See, Exhibits "A" and "B", pages Atain 069–072 and Atain 185–188, respectively.
[11] For Policy CIP156305, Exhibit "B", these dates would be 11/09/2012 and 11/09/2013.
[12] The initial Policy's effective date is the inception date on the Policy. For the second Policy, Policy CIP156305, the effective date is 11/09/2012. See, Exhibit "B", page Atain 168.
[13] The second Policy is Policy CIP156305. See, Exhibit "B", page 168.

11

**Prior Work**

This insurance does not apply to "bodily injury" or "property damage" that arises out of "your work", that was completed prior to:

    **(1)**    The inception date of the first policy in a series of uninterrupted renewal policies issued by us; or

    **(2)**    The inception date of this policy.

"Your work" will be deemed completed at the earliest of the following times:

    **(1)**    When all of the work called for in your contract has been completed;

    **(2)**    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site; or

    **(3)**    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

This exclusion applies even if the "occurrence" continues during the policy period.[14]

    22.    The Policies also contain a Fungi or Bacteria Exclusion that reads as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT**

**CAREFULLY**

**FUNGI OR BACTERIA EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**    The following exclusion is added to **2. Exclusions of Section I–Coverage A–Bodily Injury And Property Damage Liability:**

---

[14] See, Exhibits "A" and "B", pages Atain 084 and Atain 168, respectively.

**2. Exclusions**

This insurance does not apply to:

**Fungi Or Bacteria**

    a. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

    b. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, or on, or are contained in, a good or product intended for bodily consumption.

**B.** The following exclusions added to Paragraph **2. Exclusions of Section I–Coverage B–Personal And Advertising Injury Liability:**

**2. Exclusions**

This insurance does not apply to:

**Fungi Or Bacteria**

    a. "Personal and advertising injury" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

    b. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

**C.**     The following definition is added to the Definitions Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, sense or byproducts produced released by fungi.  CG 21 67 12 04.[15]

23.     The Atain Policies also contain an additional insured endorsement that limits the coverage potentially available to additional insureds.  The endorsement reads as follows:

> **THIS ENDORSEMENT CHANGES THE POLICY.**
> **PLEASE READ IT CAREFULLY.**

**ADDITIONAL INSURED-OWNERS, LESSEES OR CONTRACTORS-AUTOMATIC STATUS WHEN REQUIRED AND CONSTRUCTION AGREEMENT WITH YOU**

This endorsement modifies insurance provided on the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**     **Section II – Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1.     Your acts or omissions; or

2.     The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

**B.**     With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to:

---

[15] See, Exhibits "A" and "B", pages Atain 076 and Atain 192, respectively.

14

1. "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services, including:

    a. Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

    b. Supervisory, inspection, architectural or engineering activities.

2. "Bodily injury" or "property damage" occurring after:

    a. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

    b. That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as part of the same project. CG 20 33 07 04.[16]

24. The exclusions, endorsements, terms, definitions, conditions and language listed above remove the claims made against Cruz Drywall and Ground Up from coverage of the Atain Policies. Pursuant to 28 U.S.C. §§ 2201 and 2202, and, to the extent it applies, pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, Atain Specialty Insurance Company now seeks a declaration from this court that coverage does not exist under Atain Specialty Insurance Company Policy Nos. CIP119460 and CIP156305 for the claims made in and which form the basis of the Underlying Lawsuit, and that Atain Specialty Insurance Company has no duty to defend and no duty to indemnify.

---

[16] See, Exhibits "A" and "B", pages Atain 074 and Atain 190, respectively.

**Prayer**

25.   Atain Specialty Company prays that after consideration of this matter, either through trial or dispositive motion, that this court order and declare the following:

    a.    that no coverage exists under Atain Specialty Insurance Company Policy No. CIP119460 or Policy No. CIP156305 for the claims made in and which form the basis of that particular lawsuit styled: Cause No. DC-12-348; *Benavides Independent School District v. round Up, Inc. D/B/A Construction/Project Management and South Texas Wood Mill, Inc. D/B/A The Woodmill v. The South Texas Wood Mill, Inc. D/B/A The Woodmill, Cruz Drywall & Painting, Inc. et al.*; In the 229th Judicial District Court of Duval County, Texas;

    b.    that Atain Specialty Insurance Company has no duty under Policy No. CIP119460 or Policy No. CIP156305 to provide a defense to Cruz Drywall & Painting, Inc. or Ground Up, Inc. d/b/a Construction/Project Management for the claims made in and which form the basis of that particular lawsuit styled: Cause No. DC-12-348; *Benavides Independent School District v. round Up, Inc. D/B/A Construction/Project Management and South Texas Wood Mill, Inc. D/B/A The Woodmill v. The South Texas Wood Mill, Inc. D/B/A The Woodmill, Cruz Drywall & Painting, Inc. et al.*; In the 229th Judicial District Court of Duval County, Texas;

c. that Atain Specialty Insurance Company has no duty under Policy No. CIP119460 or Policy No. CIP156305 to indemnify Cruz Drywall & Painting, Inc. or Ground Up, Inc. d/b/a Construction/Project Management or any other entity or person who may obtain a judgment or award for the claims made in and which form the basis of that particular lawsuit styled: Cause No. DC-12-348; *Benavides Independent School District v. round Up, Inc. D/B/A Construction/Project Management and South Texas Wood Mill, Inc. D/B/A The Woodmill v. The South Texas Wood Mill, Inc. D/B/A The Woodmill, Cruz Drywall & Painting, Inc. et al.*; In the 229th Judicial District Court of Duval County, Texas; and

d. That Atain Specialty Insurance Company receive all other relief, general or special, at law or in equity, to which it shows itself entitled to receive.

Respectfully Submitted,

**BUSH & RAMIREZ, PLLC**

BY:   /s/George T. Jackson   
George T. Jackson  
Texas Bar No. 10466950  
Federal Bar No. 15072  
       Attorney in Charge  
5615 Kirby Drive, Suite 900  
Houston, TX  77005  
(713)626-1555 Telephone  
(713)622-8077 Telecopier  
gjackson.atty@bushramirez.com

**ATTORNEYS FOR  
ATAIN SPECIALTY INSURANCE COMPANY**